**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| QUINTON BRIDGES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MAGISTRATE JUDGE JOHN R. PARKER; and DISTRICT CLERK,<br><br>Defendants. | ) | Case No. CIV-26-2182-D |

# ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Defendants include United States Magistrate Judge John R. Parker (Northern District of Texas – Abilene Division) and "District Clerk."

Plaintiff's claims appear to stem from various lawsuits he has initiated in the Northern District of Texas. Specifically, Plaintiff alleges that in *Bridges v. Hendrick Medical Center*, Case No. CIV-26-307-H-BU (N.D. Tex.), Judge Parker granted Hendrick Medical Center two extensions of time to respond to Plaintiff's complaint, over Plaintiff's objections. Plaintiff also named Judge Parker as a defendant in Case No. CIV-26-285-H-BV, which was dismissed without prejudice by the Northern District of Texas (Abilene) on September 10, 2026. Plaintiff further alleges that he was arrested on the second floor of the Northern District of Texas (Abilene) courthouse in August 2026.

Although Plaintiff's claims are far from clear, it is evident that Plaintiff's action centers on adverse decisions he has received in his duplicative prior actions in the Northern

District of Texas (Abilene). Upon review of Plaintiff's complaint, the Court finds that venue is improper in this Court. None of the alleged events occurred in this district, none of the defendants reside in this district, and this action could have been brought in the Northern District of Texas. *See* 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" Plaintiff has previously filed various actions in the Northern District of Texas (Abilene) covering similar factual allegations, which actions were recently dismissed without prejudice.[1]

**IT IS THEREFORE ORDERED** that, in the interest of justice, the clerk of this Court is **DIRECTED** to **TRANSFER** this action to the Northern District of Texas, Abilene Division.

**IT IS SO ORDERED** this 4th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Upon transfer, it will be up to the Northern District of Texas to evaluate the factual overlap between Plaintiff's various actions.